1

2

3

4                              **UNITED STATES DISTRICT COURT**

5                                  **DISTRICT OF NEVADA**

6

7    CHRIS HARLOW, et al.,                      )
                                                )
8              Plaintiffs,                       )        Case No.  2:17-cv-02082-RFB-CWH
                                                )
     vs.                                        )        **ORDER**
9                                               )
     NEVADA PROPERTY 1 LLC, et al.,             )
10                                              )
               Defendants.                       )
11   _____)

12          Presently before the court is Defendant Nevada Property 1, LLC dba The Cosmopolitan of

13   Las Vegas' Motion for Security of Costs (ECF No. 8), filed on August 11, 2017.  Defendant Las

14   Vegas Metropolitan Police Department filed a joinder (ECF No. 10) to the motion on August 11,

15   2017.  These defendants request that each of the plaintiffs, who reside outside of Nevada, be

16   required to post an undertaking or cash in the amount of $500 per plaintiff to secure costs that may

17   be awarded against the plaintiffs.  Plaintiffs did not oppose the motion.  On August 31, 2017,

18   Plaintiffs filed a notice (ECF No. 13) indicating that each Plaintiff deposited $500 with the state

19   court clerk.

20          Under Nevada Revised Statutes § 18.130(1), the court may require a non-resident plaintiff

21   to provide security in the amount of $500 for costs to a defendant if the defendant files and serves

22   "on plaintiff a written demand therefor within the time limited for answering the complaint."  Nev.

23   Rev. Stat. § 18.130(1).  Although the Federal Rules of Civil Procedure do not provide a procedure

24   relating to security of costs, "the federal district courts have inherent power to require plaintiffs to

25   post security for costs."  *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574

26   (9th Cir. 1994).  The United States District Court for the District of Nevada's policy is to enforce

27   the requirements of § 18.130 in diversity actions.  *Id.* (citing *Hamar v. Hyatt Corp.*, 98 F.R.D. 305,

28   305-06 (D. Nev. 1983)).

Here, it is unclear to the court why Plaintiffs deposited the funds with the state court clerk as opposed to the clerk of this court. More than two weeks have passed since Plaintiffs filed their notice of deposit of the funds, and the defendants have not filed an objection to the funds being deposited with the state court clerk. Regardless, given that the case is proceeding in this court, the court will order the state court clerk to transfer the funds to this court's clerk.

IT IS THEREFORE ORDERED that Defendant Nevada Property 1, LLC dba The Cosmopolitan of Las Vegas' Motion for Security of Costs (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court for the Eighth Judicial District Court, Clark County, Nevada must transfer the following funds to the Clerk of Court for the United States District Court for the District of Nevada:

- • $500.00 cost bond deposited on behalf of DeMia Harlow in case no. A-17-757079-C; and
- • $500.00 cost bond deposited on behalf of Chris Harlow in case no. A-17-757079-C.

IT IS FURTHER ORDERED that Plaintiffs must serve a copy of this order on the Clerk of Court for the Eighth Judicial District Court, Clark County, Nevada, and file proof of that service by September 22, 2017.

DATED: September 15, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2